UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JASON ALLEN WARE, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3: 16-85-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES ATTORNEY, et al, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Jason Allen Ware has filed a *pro se* complaint against state and federal officials pursuant to 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as the Privacy Act, 5 U.S.C. § 552a, and the Ethics in Government Act. [R. 1.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Local police in Frankfort, Kentucky conducted an investigation into drug trafficking by Ware and others, culminating in his arrest in January 2012. In July 2014, Ware pled guilty in this Court to conspiracy to distribute and possession with intent to distribute oxycodone in violation of 21 U.S.C. § 846. In January 2015, Ware was sentenced to 96 months imprisonment. Ware did not appeal, and the Court denied Ware's subsequent motions for a new trial, for a reduction in his sentence, and to vacate his conviction pursuant to 28 U.S.C. § 2255. *United States v. Jason Allen Ware*, No. 3:13-CR-26-GFVT-REW-1 (E. D. Ky. 2013).

After his federal sentence was imposed, in August 2016 Ware filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) seeking the return of personal property seized during his arrest but not ordered forfeit, including a laptop computer, two iPad tablet computers, and

$1,500 in cash. The United States responded that the property sought by Ware had been seized by local police upon Ware's arrest and had remained at all times in the possession of the Franklin County Sheriff's Office ("FCSO"); that the federal government had never taken possession of it; and that Ware should contact FCSO to seek its return. The United States' position was supported by an affidavit from its inventory control specialist as well as Evidence / Recovered Property documentation provided by FCSO. [R. 151, 153.] Based upon this uncontroverted evidence the Court denied Ware's motion. [R. 177 at 2.]

While Ware's Rule 41(g) motion remained pending, he filed his complaint in this case, naming as defendants the United States of America, the U.S. Attorneys Office, U.S. Attorney Ron Walker, and FCSO. Ware's claims under 42 U.S.C. § 1983, *Bivens*, the Privacy Act, and the Ethics in Government Act seek $5,500 in compensation for the same property. [R. 1.] The Court has thoroughly reviewed Ware's complaint, but concludes that it must be dismissed for the reasons set forth below.

First, the federal defendants have already established in Ware's criminal case that the property in question was seized by local police and was at all times in the possession of FCSO. *Ware*, No. 3:13-CR-26-GFVT-REW, R. 153.[1] The claims against the federal defendants therefore necessarily fail. Even if this were not so, Ware's complaint fails to state a claim under the Ethics in Government Act. The various provisions of the Act require public sector employees to complete and file certain financial disclosure forms (Title I), created the Office of Government Ethics to provide supervision and guidance (Title IV), limits outside employment by government employees (Title V), and authorizes investigations by the Attorney General into allegations of misconduct by members of the Executive Branch (Title VI). Titles II and III were

---

[1] The Court takes judicial notice of these documents. See *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); Fed. R. Evid. 201(b)(2).

repealed effective in January 1991. None of the surviving provisions apply to Ware's factual allegations. In addition, violation of the Act's terms may be enforced through fines and penalties paid to the government, but there is no private right of action to enforce the Act. *Cf. Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014).

Nor does Ware's complaint state a claim under the Privacy Act. First, Ware did not properly request amendment or correction of Department of Justice records by following the procedures set forth in 28 C.F.R. § 16.41 and appeal any adverse determination as set forth in 28 C.F.R. § 16.45; instead, he simply filed his Rule 41(g) motion in his criminal case. [R. 1 at 2.] The Privacy Act also exempts from its provisions the records of "an agency ... which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2). Accordingly, by regulation the Department of Justice has exempted the criminal case files of the United States Attorney's Offices from the Privacy Act's requirements, including the accuracy requirements set forth in 5 U.S.C. § 552a(e)(5). 28 C.F.R. § 16.81.

Neither Section 1983 nor *Bivens* provide a viable claim under the facts alleged against the federal defendants or FCSO. Mere negligence by government officials resulting in the loss of property is not sufficient to state a viable claim for a violation of due process rights. *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986) (overruling in part *Parratt v. Taylor*, 451 U.S. 527 (1981)). Even the intentional confiscation or destruction of personal property does not offend due process where there are adequate post-deprivation remedies available to compensate the plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 531-34 (1984). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80; the Kentucky Claims Commission Act, Ky. Rev. Stat. 49.010 *et seq.*; and state tort law provide such adequate remedies. *Cf. Bowens v. U.S. Dept. of Justice*, 415 F. App'x 340, 344 (3d Cir. 2011); *Tsosie v. Dunbar*, 504 F. App'x 75, 78 (3d Cir. 2012); *Wolff v. Hood*, 242 F. Supp. 2d 811, 818 (D. Or. 2002). See also 31 U.S.C. § 3723.

Because Ware's complaint fails to state viable claims against the defendants, and Ware may request the return of his personal property from FCSO through readily-available administrative means, the Court will dismiss the complaint.

Accordingly, it is **ORDERED** as follows:

1. Ware's complaint [R. 1] is **DISMISSED**;

2. The Court will enter a judgment contemporaneously with this order; and

3. This matter is **STRICKEN** from the active docket.

This the 8th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge